UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    **JUDGE**

**LETTER OPINION**

March 15, 2011

Darren C. Barreiro
Greenbaum Rowe Smith & Davis, LLP
P.O. Box 5600
Woodbridge, NJ 07095-0988
    *(Attorney for Plaintiffs I.H.O.P. No. 46-3,*
    *Inc., and Jennifer Alaimo)*

Daniel Gildin
Kaufman Gildin Robbins & Oppenheim LLP
777 Third Avenue
New York, NY 10017
    *(Attorney for Defendants International House*
    *of Pancakes, Inc., and IHOP Properties, Inc.)*

    RE:   *I.H.O.P. No. 46-3, et al. v. International House of Pancakes, Inc., et al.*
           Civil Action No. 11-1044 (WJM)

Dear Counsel:

    This matter comes before the Court on a notice of removal filed by defendants International House of Pancakes, Inc. and IHOP Properties, Inc. (the "IHOP Defendants"). Because there was an underlying order to show cause seeking injunctive relief in the state court action sought to be removed, I ordered briefing on an abbreviated schedule and held a hearing to determine whether the Court had subject matter jurisdiction to hear the action if it was removed.

    The issue is the apparent lack of complete diversity. Plaintiffs I.H.O.P. No. 46-3, Inc. and Jennifer Alaimo (the "Plaintiffs") are both residents of New Jersey. International House of Pancakes Inc. is a resident of California and Delaware. IHOP Properties, Inc. is a resident of California. The third and final defendant, International House Associates (the "Landlord"), is a New Jersey Limited Partnership. The inclusion of the Landlord thwarts complete diversity, but the IHOP Defendants argue that the Landlord was

fraudulently joined. After reviewing the arguments raised by both sides, the Court will remand the action to state court for the reasons stated below.

### I. Legal Standard

In order to find that a defendant was fraudulently joined, the Court must find that: "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (citations omitted). "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* at 217. This Court must accept as true all facts as alleged in the complaint. *Id.* "[A]ll doubts should be resolved in favor of remand." *Id.* (quotations omitted).

Precedent from the Third Circuit Court of Appeals provides examples of the types of claims that constitute fraudulent joinder. For example, claims that are not colorable include claims that are obviously barred by an applicable statute of limitations, *see id.*, or a claim against a party that has recently filed a petition for bankruptcy and is therefore protected from new lawsuits by federal statute. *See Brown v. Jevic*, 575 F.3d 322 (3d Cir. 2009). These cases involve clear legal authority that unequivocally prevents the claim alleged.

But a determination by this Court that the Complaint fails to state a claim against the Landlord would not be a valid reason to find fraudulent joinder. As the Third Circuit held in *Batoff v. State Farm Ins. Co.*, "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." 977 F.2d 848, 851 (3d Cir. 1992) (holding district court erred in dismissing defendant from action as fraudulently joined because complaint failed to state valid claim against non-diverse defendant). "[T]he inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder." *Id.* Thus, a district court is not to determine whether a complaint states a valid cause of action, but whether there is even a possibility that a state court would find that the complaint states a cause of action, with all doubts resolved in favor of remand.

### II. Analysis

Plaintiffs allege that the Landlord has indicated that it will breach the implied covenant of good faith and fair dealing by withdrawing its offer to renew the lease. In their March 7, 2011 Letter Brief ("Ltr. Br.") and their March 9, 2011 Reply Letter Brief ("Reply Br."), the IHOP Defendants raise several arguments why Plaintiffs' claim against the Landlord is not colorable. Each of these arguments fails.

#### A. A Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing "requires the existence of a contract between the

2

**parties."** (Reply Br. 1.)

The IHOP Defendants point to no authority for this assertion. At least one decision from this District has held that a third-party beneficiary may sue to enforce the implied covenant of good faith and fair dealing. *See Cargill Global Trading v. Applied Development Co.*, 706 F. Supp. 2d 563, 579 (D.N.J. 2010) (J. Walls). In the absence of contrary authority from a state court, it is entirely possible that a state court could hold that a third-party beneficiary can sue to enforce the implied covenant of good faith and fair dealing.

### B. "Implied Covenant of Good Faith and Fair Dealing Cannot Supersede the Express Terms of the Lease." (Ltr. Br. 6.)

IHOP Defendants argue that because the lease agreement contains no provision regarding renewal and because the lease agreement has a specified end date, the Landlord has an express right to withdraw its offer to renew the lease. The IHOP Defendants point to *Fleming Cos. v. Thriftway Medford Lakes, Inc.*, 913 F. Supp. 837 (D.N.J. 1995) and *Luso Fuel, Inc. v. B.P. Products North America, Inc.*, 2009 WL 1873583 (D.N.J. 2009), both of which hold that the implied covenant of good faith and fair dealing does not operate to alter the clear terms of an agreement and may not be invoked to preclude a party from exercising its express rights under the agreement. They argue that because the lease agreement indicates a termination date and does not provide for renewal, the Landlord has no obligation to renew and that the implied covenant cannot create such an obligation.

But the Supreme Court of New Jersey has held that "a party to a contract may breach the implied covenant of good faith and fair dealing in performing its obligations even when it exercises an express and unconditional right to terminate." *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1126 (N.J. 2001). The issue then is not whether the Landlord had some right under the agreement, but whether in exercising that right it breached or would breach its general obligation to act in good faith by, for example, exercising the right in bad faith. Thus, that the Landlord has the *right* under the agreement to terminate the lease or refuse to renew is not a bar to a cause of action for breach of the implied covenant based on the manner in which it exercises that right.

### C. "Plaintiffs Cannot Establish That They Are An Intended Third-Party Beneficiary Of The Lease." (Ltr. Br. 8.)

Here, the IHOP Defendants only state the legal standard for establishing third-party beneficiary status – that the alleged third-party beneficiary must show that the contract was made for its benefit with the intent and contemplation of the contracting parties. *See, e.g., Hadley v. James S. Shaffer*, 2003 WL 21960406 (Del. Aug. 12, 2003). They argue that Plaintiffs have failed to meet that standard, but they do not offer any legal authority for why as a matter of law no state court could find that Plaintiffs are

3

third-party beneficiaries of the lease agreement.

The mere fact that Plaintiffs are not specifically named in the lease is not a bar to a court finding that they are intended third-party beneficiaries – whether a party is named in a contract is only one form of evidence of the parties' intentions. *See Borough of Brooklawn v. Brooklawn Housing Corp.*, 11 A.2d 83, 85 (N.J. 1940) ("[T]he real test is whether the contracting parties intended that a third party should receive a benefit which might be enforced in the courts; and the fact that such a benefit exists, or that the third party is named, is merely evidence of this intention."). The IHOP Defendants have pointed to no cases holding that a party that is not specifically named in an agreement cannot be a third-party beneficiary thereof, and so it is possible that a state court could accept Plaintiffs' position on this point.

### D. "The Complaint Fails To Allege That The Landlord Has Breached Any Duty Under The Implied Covenant." (Ltr. Br. 8.)

The IHOP Defendants' final argument is that the Complaint only alleges that Landlord *will* breach the implied covenant of good faith and fair dealing. It does not allege that the Landlord *has already* breached such covenant. Thus, the IHOP Defendants argue, the claim is not ripe for adjudication. In response, Plaintiffs rely on decisions holding that a party can sue for anticipatory breach of contract, implicitly arguing that there must also be a coordinate cause of action for anticipatory breach of the implied covenant of good faith.

While Plaintiffs' arguments are creative and possibly novel, the IHOP Defendants fail to cite any relevant authority showing that state courts in New Jersey could not possibly accept an action for anticipatory breach of the implied covenant of good faith and fair dealing. In fact, none of the parties cite any authority on the issue of whether New Jersey law recognizes a claim for anticipatory breach of the implied covenant of good faith. But it is possible that a state court could accept such a claim, and the Court will resolve this doubt in favor of remand, as it is required to do.

### III. Conclusion

For the foregoing reasons, this Court will remand the action to the state court from which it was removed. An appropriate order follows.

                                              /s/ William J. Martini
                                    **WILLIAM J. MARTINI, U.S.D.J.**